# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SALITA PROMOTIONS CORP.,
a New York corporation,

       Plaintiff,

v.

SHOHJAHON ERGASHEV and
OLEG BOGDANOV,

       Defendants.

Case No.
Hon.

## VERIFIED COMPLAINT

Plaintiff Salita Promotions Corp., a New York corporation, ("Salita Promotions" or "Promoter"), states the following for its Complaint against Shohjahon Ergashev ("Ergashev" or "Boxer") and Oleg Bogdanov ("Bogdanov" or "Manager") (collectively, "Defendants"):

## INTRODUCTION

1.  This matter arises out of Ergashev's intentional breach of his contractual obligations with Salita Promotions.

2.  As described herein, Ergashev, a world-ranked undefeated professional boxer competing in the junior welterweight division with a record of 18-0 (16 KOs), breached his exclusive *Promotional Agreement* (the "Agreement")

with Salita Promotions by agreeing to participate in a boxing event in St. Petersburg, Russian on September 21, 2020 (the "Bout").

3. Despite the exclusive nature of the parties' Agreement, Oleg Bogdanov, the manager of Ergashev, scheduled Ergashev for the Bout and Ergashev has agreed to participate in the Bout.

4. Without this Court's intervention, Defendants' action will cause irreparable harm to Salita Promotions.

## PARTIES, JURISDICTION AND VENUE

5. Salita Promotions incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

6. Plaintiff Salita Promotions Corp. is a New York corporation with its principal place of business in Brooklyn, New York, and with offices located at 3512 Quentin Road, Brooklyn, New York 11234.

7. Salita Promotions is a boxing promotional company which conducts business with numerous professional boxers including Ergashev at the Kronk Gym in Detroit, Michigan and also conducts business in Southfield, Michigan.

8. Defendant Shohjahon Ergashev is a resident of Moscow, Russia. Ergashev is a world-ranked professional boxer and for the last three (3) years has trained in multi-month training camps for all of his USA fights at the Kronk Gym, in Detroit, Michigan. During his training, Ergashev has resided at 25816 Lincoln

Terrace, Apt. 816-103, Oak, Park, Michigan 48237.

9. In addition to numerous contacts with the State of Michigan, Ergashev agreed to submit to the jurisdiction of the United States Court for the Eastern District of Michigan for any disputes arising out of the Agreement. **Exhibit A**, Paragraph XX.

10. Defendant Oleg Bogdanov is a resident of St. Petersburg, Russia. Bogdanov is a boxing manager and is the manager of Ergashev.

11. Bogdanov has visited and managed Ergashev several times in Detroit, Michigan at the Kronk Gym including prior to Ergashev's most recent bout on January 17, 2020.

12. The Agreement, which was negotiated by Bogdanov on behalf of Ergashev, provides at Paragraph XX that Ergashev shall cause Bogdanov to submit to the jurisdiction of the United States Court for the Eastern District of Michigan. *Id.*

13. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14. Jurisdiction is proper in this Court pursuant to 18 U.S.C. §1332, because there is complete diversity of citizenship between the parties.

15. Venue is proper in this Court pursuant to 18 U.S.C. §1391, because a substantial part of the events giving rise to the claims set forth herein occurred in

Michigan and Paragraph XX(a) of the Agreement provides that any action arising out of or relating to the Agreement shall be brought in the United States District Court for the Eastern District of Michigan. *Id.*

## COMMON ALLEGATIONS

**The Promotional Agreement**

16. Salita Promotions incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

17. On November 17, 2017, Salita Promotions and Ergashev entered into the Agreement, a true and correct copy of which is attached as **Exhibit A**.

18. As set forth in the Agreement, Ergashev granted to Salita Promotions:

> the sole and exclusive right to secure and arrange all bouts (including, without limitation, boxing, mixed martial arts, martial arts, kickboxing, wrestling or any other combative sports bouts, contests, competitions or exhibitions, whether as an individual or team participant and whether as a professional or amateur participant) (individually, a "Bout" and collectively, the "Bouts") requiring Fighter's services and to secure, arrange and promote all such Bouts, all upon and subject to the terms and conditions hereinafter set forth.

*Id.*, Paragraph III.

19. During the Term of the Agreement Ergashev agreed, among other things, not to participate in any bouts other than bouts promoted or co-promoted by Salita Promotions. Specifically, Paragraph XII of the Agreement provides:

> Fighter agrees that during the term hereof, Fighter shall not participate in any bouts other than Bouts promoted or co-promoted by Promoter

4

or for which Promoter has granted Fighter prior written permission and Fighter shall not render his services as a combative sports participant to any person, firm or entity other than Promoter, except with Promoter's prior written permission. Fighter recognizes and agrees that this restriction is necessary to protect Promoter's legitimate business interests, including Promoter's ability to promote first class combative sports events for Fighter and other fighters whom Promoter promotes, against world class opponents, at top venues, broadcast by top American and foreign broadcasters. Fighter acknowledges that Promoter has substantial relationships with a number of venues, broadcasters, and other world class boxers, and that these relationships are protected by the Promoter's ability to guarantee the availability of Fighter through this Agreement.

20. Ergashev further agreed that his services are "special, unique, extraordinary, irreplaceable and of peculiar value." *Id.,* Paragraph XV

21. Ergashev also agreed that in the event of a breach of the Agreement, Salita Promotions "would suffer irreparable damage, which could not be reasonably or adequately compensated by an action at law." *Id.*

22. Moreover, Ergashev agreed not to take any action or fail to take any action which action shall frustrate the purposes of the Agreement and the benefits contemplated therein. *Id.*, Paragraph IX.

23. Accordingly, the parties expressly agreed that in the event of a breach, Salita Promotions shall be entitled, in addition to all other rights and remedies available to it, to obtain equitable relief, including, but not limited to, an injunction against such breach by Ergashev. *Id.,* Paragraph XV.

5

**The Fulfillment of the Agreement by Promoter**

24. Since the inception of the Agreement, Promoter has arranged for Boxer to fight eight times. Boxer won all eight bouts, six of them by knockout, improving his record to 18 wins and no losses, 16 of his wins coming by way of knockout. Four of those bouts were featured on Showtime's ShoBox: The New Generation, a popular boxing series broadcast on Showtime, and two were streamed on DAZN, a premier streaming service for boxing.

25. During Ergashev's time with Salita Promotions, he has risen from an unranked boxer to one who is ranked in the top 15 by three of the four generally recognized world sanctioning organizations, and in the top 10 by two of those organizations.

26. Boxer is currently ranked number 6 in the world by the International Boxing Federation (IBF), number 7 in the world by the World Boxing Association (WBA) and number 13 in the world by the World Boxing Organization (WBO).

27. Through Promoter's diligent work and financial investment in Boxer, as well as through Boxer's own success in the ring, Boxer has gained national exposure in the United States, a loyal following, and is moving rapidly toward an opportunity to fight for the world title.

28. Salita Promotions has paid for Ergashev's travel, rent, food, local transportation expenses, visa costs, previous fights in Russia and for his purses in

his many wins during the life of the Agreement.

29. Salita Promotions has also scheduled a bout for Ergashev that will be televised on NBC Sports on November 17, 2020.

30. At all times since the inception of the Agreement, Promoter has fulfilled all of its obligations under the Agreement.

**The Breach by Boxer**

31. Ergashev is currently scheduled to participate in a boxing match on September 21, 2020 at the Azimat Hotel in St. Petersburg, Russia. According to posters advertising the bout, it will be the main event of a card broadcast by Match TV.

32. The September 21 bout was scheduled without the involvement and without the knowledge of Salita Promotions, and at no time has Salita Promotions granted Ergashev permission to participate in the bout.

33. Salita Promotions only recently became aware of the Bout through a posting to Ergashev's Instagram account.

34. As such, the scheduling of the bout – and of course the bout itself, should it be allowed to go forward – is in direct breach of the Agreement.

35. Upon information and belief, in addition to agreeing and intending to participate in the September 21 bout, Ergashev has authorized and encouraged his Manager to communicate with boxing promoters other than Salita Promotions in

order to arrange bouts for him outside of the Agreement.

36. Such communications by Manager on behalf of Boxer are in direct breach of the Boxer's obligations under the Agreement

**The Manager's Interference with the Agreement**

37. Bogdanov is the manager of Ergashev and many other prominent and world-ranked Russian boxers.

38. Bogdanov negotiated the Agreement on behalf of Ergashev, has been Ergashev's manager for the entire duration of the Agreement, and is fully aware of his and Ergashev's obligations under the Agreement.

39. Upon information and belief, Bogdanov arranged, on behalf of Ergashev, the September 21 bout, which is scheduled to take place in Bogdanov's home town of St. Petersburg against Dzmitry Miliusha, another boxer managed by Bogdanov.

40. Upon information and belief, Bogdanov has communicated with boxing promoters other than Salita Promotions in order to arrange bouts for Ergashev outside of the Agreement.

41. Such arrangements and communications by Manager on behalf of Boxer directly interfere with Promoter's rights under its Agreement with Boxer.

**COUNT I – BREACH OF CONTRACT AGAINST ERGASHEV**

42. Salita Promotions incorporates by reference and re-asserts here the

allegations contained in the above paragraphs.

43. The Agreement, which was entered into on November 17, 2017 and has an initial five-year term, remains in full force and effect.

44. Salita Promotions has at all times fully performed its obligations under the Agreement.

45. Ergashev breached the Agreement when he agreed to participate in a bout on September 21, 2020 which was not arranged or consented to by Promoter.

46. Ergashev further breached the Agreement when he authorized and encouraged his Manager to communicate with boxing promoters other than Salita Promotions in order to arrange bouts for him outside of the Agreement.

47. Implied in every contract is a covenant of good faith and fair dealing wherein and whereby the parties agree to act at all times in good faith towards each other.

48. Salita Promotions reasonably expected that Ergashev would deal with Promoter fairly, equitably, and in good faith and in accordance with the parties' Agreement.

49. Salita Promotions' expectations were brought about and intended by Ergashev as a result of, *inter alia*, the language in the Agreement and representations made by Ergashev.

50. Ergashev breached his obligation to act in good faith by, *inter alia*,

J9011\410400\260817784.v1

agreeing and intending to participate in a bout that was not arranged or consented to by Promoter and by authorizing and encouraging his Manager to communicate with boxing promoters other than Salita Promotions in order to arrange bouts for him outside of the Agreement.

51. The acts and omissions of Ergashev set forth herein were committed in bad faith, intentionally and/or with conscious and reckless disregard of Salita Promotions' contractual rights.

52. As a direct and proximate result of Ergashev's actions, Salita Promotions has suffered and will continue to suffer significant damages as a result of Ergashev's breach of contract.

### COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT AND/OR BUSINESS EXPECTANCY AGAINST BOGDANOV

53. Salita Promotions incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

54. Bogdanov has, and at all relevant times had, knowledge of the existence of the Agreement and in fact negotiated the Agreement on behalf of Ergashev.

55. Bogdanov possesses, and at all relevant times possessed, a copy of the Agreement.

56. Bogdanov engaged in deliberate and intentional actions to procure

Ergashev's breach of the Agreement.

57. Bogdanov actively encouraged Ergashev to breach his contractual obligations to Promoter under the Agreement.

58. Bogdanov arranged for Ergashev to participate in a September 21, 2020 bout in St. Petersburg, Russia with full knowledge of Ergashev's contractual obligations to Salita Promotions.

59. Bogdanov actively communicated with promoters other than Salita Promotions in an attempt to arrange bouts for Ergashev outside of the Agreement.

60. As described above and below, Bogdanov's actions constitute tortious interference with Salita Promotions' contract and business expectancies.

61. As a result of Bogdanov's actionable interference, Salita Promotions has suffered substantial monetary damages.

62. Salita Promotions also seeks exemplary damages arising from the Bogdanov's willful, intentional, and malicious actions.

## COUNT III – ACCOUNTING AGAINST ALL DEFENDANTS

63. Salita Promotions incorporates by reference and asserts here the allegations contained in the above paragraphs.

64. As described above, Defendants breached certain contractual promises by failing to comply with, and intentionally breaching, the Agreement.

65. In order to accurately determine the full extent of Defendants'

unlawful conduct and the amounts which Salita Promotions is owed from Defendants on the various claims alleged herein, a full accounting of all amounts received from the September 21st bout – if the bout in fact takes place – will be necessary.

## COUNTY IV – INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS

66. Salita Promotions incorporates by reference and asserts here the allegations contained in the above paragraphs.

67. Salita Promotions is likely to succeed on the merits of its Complaint.

68. Defendants' actions, as described above, are indicative of their intentions to knowingly disregard the terms of the Agreement.

69. Paragraphs III and XII of the Agreement expressly and unambiguously establish that Salita Promotions has the exclusive right to promote Ergashev's bouts.

70. Ergashev expressly acknowledged in Paragraph XV of the Agreement that his services as a professional boxer are special, unique, extraordinary, irreplaceable and of peculiar value, and that in the event of his breach, Promoter would suffer irreparable damage, which could not be reasonably or adequately compensated by an action at law. Ergashev further expressly agreed that in the event of such breach, Promoter would be entitled to obtain an injunction against

such breach.

71. Salita Promotions will suffer irreparable harm if Defendants are not immediately enjoined from participating in the planned September 21st bout.

72. Among other things, Promoter's reputation in the boxing industry would be irreparably harmed if Promoter were deprived of Ergashev's services.

73. The harm to Salita Promotions substantially outweighs any alleged harm to Defendants in the absence of an injunction.

74. The public interest will not be harmed if an injunction issues.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Salita Promotions Corp. respectfully requests that this Honorable Court Order as follows:

A. that a money judgment enter in favor of Salita Promotions and against Defendants, jointly and severally, in an amount in excess of $75,000.00, together with exemplary damages, attorney's fees and costs, and interest;

B. that a permanent injunction enter against Ergashev enjoining Ergashev from participating in any bouts other than bouts promoted or arranged by Salita Promotions;

C. that a permanent injunction enter against Bogdanov enjoining Bogdanov from promoting or arranging any bouts for Ergashev not promoted or

13

        arranged by Salita Promotions; and

D.    that such further and different relief as may be just and appropriate enter in favor of Salita Promotions.

Respectfully submitted,

CLARK HILL PLC

By:  /s/ Charles E. Murphy
      Charles E. Murphy (P28909)
      151 S. Old Woodward Ave., Ste. 200
      Birmingham, MI  48009
      Tel: (248) 988-5879
      cmurphy@clarkhill.com

      Jason R. Canvasser (P69814)
      500 Woodward Ave., Suite 3500
      Detroit, MI 48226
      Tel: (313) 965-8300
      jcanvasser@clarkhill.com

      Attorneys for Plaintiff

Dated:  September 16, 2020

## **VERIFICATION**

I, Dmitriy Salita, declare as follows:

I am authorized to make this Verification on behalf of Salita Promotions Corp. I have personal knowledge of the facts in this Verified Complaint and am competent to testify to these facts if called upon to do so. To the best of my knowledge, information, belief, and understanding the factual allegations contained in this Verified Complaint are true and accurate.

_____
Dmitriy Salita

J9011\410400\260817784.v1