## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SALITA PROMOTIONS CORP.,          Case No. 2:20-cv-12547-LJM-EAS

                                Hon. Laurie J. Michelson

          Plaintiff,

v.

SHOHJAHON ERGASHEV and
OLEG BOGDANOV,

          Defendants.

---

CLARK HILL PLC
Charles E. Murphy (P28909)
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI  48009
Tel: (248) 988-5879
cmurphy@clarkhill.com

Jason R. Canvasser (P69814)
500 Woodward Ave., Suite 3500
Detroit, MI 48226
Tel: (313) 965-8300
jcanvasser@clarkhill.com

Attorneys for Plaintiff

---

## PLAINTIFF'S EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND ENTRY OF ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED AGAINST THE DEFENDANTS

Plaintiff, Salita Promotions Corp. ("Salita Promotions"), by and through Clark Hill PLC, its undersigned attorneys, respectfully moves this Honorable Court for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction Should Not Issue pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. In support of its Motion, Salita Promotions relies upon its Verified Complaint, this Motion, and the accompanying Brief in Support, along with the Exhibits attached thereto, all of which have been filed with the Court and provided to the Defendants.

This matter arises out of Defendant Shohjahon Ergashev's ("Ergashev") intentional breach of his exclusive *Promotional Agreement* (the "Agreement") with Salita Promotions by agreeing to participate in a boxing event in St. Petersburg, Russian on September 21, 2020 (the "Bout").  Despite the exclusive nature of the parties' Agreement, Defendant Oleg Bogdanov ("Bogdanov" and together with Ergashev, "Defendants"), the manager of Ergashev, intentionally interfered with the parties' Agreement when he arranged and scheduled Ergashev for the Bout.

Concurrence in the relief requested in this motion was sought from each Defendant on September 16, 2020, but concurrence was not obtained.  Counsel emailed the Verified Complaint and this Motion and Brief to Defendant Ergashev at shohhhh00@mail.ru and Dmitriy Salita, who speaks Russian, placed a telephone call to +7 998 911 464846, the telephone number designated for notice under the

2

Agreement, and to Defendant Ergashev's current known telephone numbers in Russia and the U.S., +7 (905) 571-08-08 and 313-265-6569 seeking concurrence. Counsel emailed the Verified Complaint and this Motion and Brief to Defendant Bogdanov at ice99@inbox.ru and Dmitriy Salita placed a telephone call to Defendant Bogdanos at +7 (911) 811-83-54 seeking concurrence.

WHEREFORE, Plaintiff Salita Promotions Corp. respectfully requests that this Honorable Court immediately enjoin (1) Defendant Ergashev  from  participating in the September 21, 2020 Bout and any other bouts that fall outside the Agreement and from signing any promotional or bout agreements with any other promoters; (2) Defendant Bogdanov from interfering with the Agreement and participating in the September 21, 2020 Bout as a manager or promoter; and (3) grant Salita Promotions any additional relief that is just and equitable under the circumstances.  A copy of the proposed TRO is attached hereto as **Exhibit D**.

<div style="margin-left:40%">

Respectfully submitted,

CLARK HILL PLC

By:   /s/ Charles E. Murphy_____
        Charles E. Murphy (P28909)
        151 S. Old Woodward Ave., Ste. 200
        Birmingham, MI  48009
        Tel: (248) 988-5879
        cmurphy@clarkhill.com

        Jason R. Canvasser (P69814)
        500 Woodward Ave., Suite 3500
        Detroit, MI 48226

</div>

J9011\410400\260819103.v1

Tel: (313) 965-8300
jcanvasser@clarkhill.com

Attorneys for Plaintiff

Dated: September 16, 2020

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SALITA PROMOTIONS CORP.,

               Plaintiff,

v.

SHOHJAHON ERGASHEV and
OLEG BOGDANOV,

               Defendants.

Case No. 2:20-cv-12547-LJM-EAS
Hon. Laurie J. Michelson

---

CLARK HILL PLC
Charles E. Murphy (P28909)
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI  48009
Tel: (248) 988-5879
cmurphy@clarkhill.com

Jason R. Canvasser (P69814)
500 Woodward Ave., Suite 3500
Detroit, MI 48226
Tel: (313) 965-8300
jcanvasser@clarkhill.com

Attorneys for Plaintiff

---

## BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND ENTRY OF ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED AGAINST THE DEFENDANTS

# <u>TABLE OF CONTENTS</u>

Page

STATEMENT OF ISSUES PRESENTED ................................................................. ii

INDEX OF AUTHORITIES ..................................................................................... iii

I.   INTRODUCTION ............................................................................................1

II.  FACTUAL HISTORY ......................................................................................2

     a. The Promotional Agreement ....................................................................2

     b. The Fulfillment of the Agreement by Salita Promotions ..........................4

     c. The Breach by Ergashev ...........................................................................6

     d. Bogdanov's Interference with the Agreement ...........................................7

III. ANALYSIS .......................................................................................................8

     a. Standard of Review ..................................................................................8

     b. Salita Promotions is Likely to Succeed on the Merits ..............................9

     c. Salita Promotions Will Suffer Irreparable Harm in the Absence of a
     Temporary Restraining Order ...................................................................11

     d. The Issuance of a Temporary Restraining Order Will Not Cause Harm to
     Others ......................................................................................................15

     e. The Public Interest Would Be Served by the Issuance of a Temporary
     Restraining Order ....................................................................................16

IV.  CONCLUSION ................................................................................................16

## <u>STATEMENT OF ISSUES PRESENTED</u>

Should a Temporary Restraining Order be entered enjoining Defendant Ergashev from participating in a September 21, 2020 Bout and any other bouts that fall outside the Agreement and from signing any promotional or bout agreements with any other promoters and enjoining Defendant Bogdanov from interfering with the Agreement and participating in the September 21, 2020 Bout as a manager or promoter?

> Plaintiff Salita Promotions Corp. answers YES.

> Defendants Shohjahon Ergashev and Oleg Bogdanov answer NO.


Should a Preliminary Injunction entered enjoining Defendant Ergashev from participating in a September 21, 2020 Bout and any other bouts that fall outside the Agreement and from signing any promotional or bout agreements with any other promoters and enjoining Defendant Bogdanov from interfering with the Agreement and participating in the September 21, 2020 Bout as a manager or promoter?

> Plaintiff Salita Promotions Corp. answers YES.

> Defendants Shohjahon Ergashev and Oleg Bogdanov answer NO.

J9011\410400\260819103.v1

# INDEX OF AUTHORITES

## Cases

*Arias v. Solis,* 754 F.Supp. 290 (E.D.N.Y.1991) .............................................. 13, 14

*Badiee v. Brighton Area Schools*, 265 Mich. App. 343; 695 N.W.2d 521 (2005) ..10

*Bank of America, NA v. Fidelity National Title Insurance Co.*, 316 Mich. App. 480; 892 N.W.2d 467 (2106) ...................................................................................9

*Basicomputer Corp. v. Scott,* 973 F.2d 507 (6th Cir.1992) ....................................11

*First Tech. Safety Sys., Inc. v. Depinet,* 11 F.3d 641 (6th Cir.1993) ........................8

*In re Eagle-Picher Indus., Inc.* 963 F.2d 855 (6th Cir.1992) ...................................9

*Madison Square Garden Boxing, Inc. v. Shavers,* 434 F.Supp. 449, (S.D.N.Y.1977) ....................................................................................................13

*Marchio v. Letterlough*, 237 F.Supp.2d 580 (E.D. Penn. 2003) .............................12

*Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Ran,* 67 F.Supp.2d. 764 (E.D.Mich.1999) ....................................................................................................16

*North Atlantic Operating Company v. Babenko*, 2015 WL 13542566 (E.D. Mich. 2015) .....................................................................................................................11

*Sandison v. Michigan High School Athletic Association,* 64 F.3d 1026 (6th Cir.1995) ....................................................................................................................9

## Federal Rules of Civil Procedure

Rule 65(b) ...................................................................................................................8

## I.  INTRODUCTION

Plaintiff Salita Promotions Corp. ("Salita Promotions") is a boxing promotional company licensed by the State of Michigan Unarmed Combat Commission.  Salita Promotions has developed and promoted numerous successful boxers to the heights of boxing success, including superstar Claressa Shields, current middleweight and junior middleweight world champion and Michigan female athlete of the decade, and numerous boxers from the Russian Federation and surrounding countries.  Salita Promotions obtained a modification of Governor Whitmer's Executive Order on sports to allow boxing and mixed martial arts events and staged the first boxing event in Michigan since the onset of the pandemic at the Kronk Gym on August 20, 2020, which was broadcast on UFC Fight Pass.

Defendant Shohjahon Ergashev ("Ergashev") is a world-ranked undefeated professional boxer competing in the junior welterweight division with a record of 18-0 (16 KOs).  This matter arises out of Ergashev's intentional breach of his exclusive *Promotional Agreement* (the "Agreement") with Salita Promotions by agreeing to participate in a boxing event in St. Petersburg, Russian on September 21, 2020 (the "Bout").  Despite the exclusive nature of the parties' Agreement, Oleg Bogdanov ("Bogdanov" and together with Ergashev, "Defendants"), the manager of Ergashev, intentionally interfered with the parties' Agreement when he

1

arranged and scheduled Ergashev for the Bout.  As discussed in greater detail herein, a temporary restraining order (TRO) should issue because, *inter alia*, (i) Salita Promotions has shown a strong likelihood of success on the merits (2) Salita Promotions will suffer an irreparable injury which cannot be compensated by monetary damages if Ergashev is permitted to participate in the Bout; (3) the issuance of a TRO would not cause substantial harm to others; and (4) the public interest would be served by the issuance of a TRO.

This motion is being filed on an emergency basis because, absent an immediate temporary restraining order, Salita Promotions' goodwill and reputation in the boxing industry will be irreparably damaged if, *inter alia*, Ergashev participates in a boxing event that Salita Promotions has not promoted or approved. In addition, despite repeated attempts to communicate with Defendants, Defendants have failed and/or refused to comply with their contractual obligations. **Exhibit A**.  As such, time is of the essence.

## II.    FACTUAL HISTORY[1]

### a.    <u>The Promotional Agreement</u>

On November 17, 2017, Salita Promotions and Ergashev entered into the Agreement with an initial term of five (5) years.  A true and correct copy of the Agreement is attached as **Exhibit B**.  As set forth in the Agreement, Ergashev

---

[1] The Factual Recitation is based on the facts set forth in Salita Promotions' *Verified Complaint.*

granted to Promoter:

> the **_sole and exclusive right to secure and arrange all bouts_**
> (including, without limitation, boxing, mixed martial arts, martial arts,
> kickboxing, wrestling or any other combative sports bouts, contests,
> competitions or exhibitions, whether as an individual or team
> participant and whether as a professional or amateur participant)
> (individually, a "Bout" and collectively, the "Bouts") requiring
> Fighter's services and to secure, arrange and promote all such Bouts,
> all upon and subject to the terms and conditions hereinafter set forth.
> (emphasis added)

*Id.*, Paragraph III.  During the Term of the Agreement, Ergashev agreed, among

other things, not to participate in any bouts other than Bouts (as defined in the

Agreement) promoted or co-promoted by Salita Promotions.    Specifically,

Paragraph XII of the Agreement provides:

> Fighter agrees that during the term hereof, **_Fighter shall not_**
> **_participate in any bouts other than Bouts promoted or co-promoted_**
> **_by Promoter or for which Promoter has granted Fighter prior_**
> **_written permission and Fighter shall not render his services as a_**
> **_combative sports participant to any person, firm or entity other than_**
> **_Promoter, except with Promoter's prior written permission_**.  Fighter
> recognizes and agrees that this restriction is necessary to protect
> Promoter's legitimate business interests, including Promoter's ability
> to promote first class combative sports events for Fighter and other
> fighters whom Promoter promotes, against world class opponents, at
> top venues, broadcast by top American and foreign broadcasters.
> Fighter acknowledges that Promoter has substantial relationships with
> a number of venues, broadcasters, and other world class boxers, and
> that these relationships are protected by the Promoter's ability to
> guarantee the availability of Fighter through this Agreement.
> (emphasis added).

Ergashev further agreed that his services are "special, unique, extraordinary,

irreplaceable and of peculiar value." *Id.,* Paragraph XV.  Ergashev also agreed that

in the event of a breach of the Agreement, Salita Promotions "would suffer irreparable damage, which could not be reasonably or adequately compensated by an action at law." *Id.* Moreover, Ergashev agreed not to take any action or fail to take any action which would frustrate the purposes of the Agreement and the benefits contemplated therein. *Id.*, Paragraph IX. Accordingly, the parties expressly agreed that in the event of a breach, Salita Promotions shall be entitled, in addition to all other rights and remedies available to it, to obtain equitable relief, including, but not limited to, an injunction against such breach by Ergashev. *Id.,* Paragraph XV.

      **b.**    **<u>The Fulfillment of the Agreement by Salita Promotions</u>**

Since the inception of the Agreement, Salita Promotions has arranged for Ergashev to fight eight times. Ergashev won all eight bouts, six of them by knockout, improving his record to 18 wins and no losses, 16 of his wins coming by way of knockout. Four of those bouts were featured on Showtime's ShoBox: The New Generation, a popular boxing series broadcast on Showtime, and two were streamed on DAZN, a premier streaming service for boxing. During Ergashev's time with Salita Promotions, he has risen from an unranked boxer to one who is ranked in the top 15 by three of the four generally recognized world sanctioning organizations, and in the top 10 by two of those organizations. Ergashev is currently ranked number 6 in the world by the International Boxing Federation

(IBF), number 7 in the world by the World Boxing Association (WBA) and number 13 in the world by the World Boxing Organization (WBO). **Exhibit C.**

Through Salita Promotions' diligent work and financial investment in Ergashev, as well as through Ergashev's own success in the ring, Ergashev has gained world-wide exposure, a loyal following, and is moving rapidly toward an opportunity to fight for the world title. Ergashev's October 2019 fight video, uploaded to YouTube by Salita Promotions, has garnered over six hundred thousand views to date:



Salita Promotions has also offered Ergashev a bout which will be the main event on NBC Sports on November 17, 2020.

Since the inception of the Agreement, Salita Promotions has fulfilled all of its obligations under the Agreement and in fact, gone above and beyond its contractual obligations on behalf of Ergashev. In point of fact, Salita Promotions has paid for Ergashev's travel, rent, food, local transportation expenses, visa costs, previous fights in Russia and for his purses in his many wins during the life of the

5

Agreement.

**c.    The Breach by Ergashev**

Ergashev is currently scheduled to participate in a boxing match on September 21, 2020 at the Azimat Hotel in St. Petersburg, Russia.   According to posters advertising the bout, including the below example, it will be the main event of a card broadcast by Match TV.



The September 21 bout was scheduled without the involvement and without the knowledge of Salita Promotions, and at no time has Salita Promotions granted Ergashev permission to participate in the bout.   In fact, it was only through an Instagram post by Ergashev that Salita Promotions became aware of the Bout.   *Id.* The scheduling of the Bout – and of course the Bout itself, should it be allowed to go forward – is in direct breach of the Agreement.   If Ergashev participates in the

Bout and loses or get injured, it would have a deleterious impact on the proposed November bout, to be nationally televised by NBC Sports.

Upon information and belief, in addition to agreeing and intending to participate in the September 21 bout, Ergashev has authorized and encouraged his Manager Bogdanov to communicate with boxing promoters other than Salita Promotions in order to arrange bouts for him outside of the Agreement. Such communications by Bogdanov on behalf of Ergashev are in direct breach of Ergashev's obligations under the Agreement

d.    **Bogdanov's Interference with the Agreement**

Bogdanov is the manager of Ergashev and many other prominent and world-ranked Russian boxers. Bogdanov negotiated the Agreement on behalf of Ergashev and has been Ergashev's manager for the entire duration of the Agreement; he is fully aware of his and Ergashev's obligations under the Agreement. Upon information and belief, Bogdanov arranged, on behalf of Ergashev, the September 21 bout, which is scheduled to take place in Bogdanov's home town of St. Petersburg against Dzmitry Miliusha, another boxer managed by Bogdanov. Upon information and belief, Bogdanov has communicated with boxing promoters other than Salita Promotions in order to arrange bouts for Ergashev outside of the Agreement. Such arrangements and communications by Bogdanov on behalf of Ergashev directly interfere with Salita Promotions' rights

7

under its Agreement with Ergashev.

## III.   ANALYSIS

### a.  STANDARD OF REVIEW

Rule 65(b) of the Federal Rules of Civil Procedures provides the Court with authority to issue a temporary restraining order as follows:

Rule 65(b) Temporary Restraining Order.

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;
> (B) the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b). TRO's have the modest purpose of preserving the status quo to give the court time to determine whether a preliminary injunction should issue. *First Tech. Safety Sys., Inc. v. Depinet,* 11 F.3d 641, 650 (6th Cir.1993).

In determining the propriety of temporary injunctive relief, a court is strongly encouraged to consider the following factors: whether (1) the plaintiff has shown a strong likelihood of success on the merits; (2) the plaintiff will otherwise suffer an irreparable injury; (3) the issuance of a preliminary injunction would cause substantial harm to others; and (4) the public interest would be served by the

8

issuance of a preliminary injunction. *Sandison v. Michigan High School Athletic Association,* 64 F.3d 1026, 1030 (6th Cir.1995). However, these factors, while not constituting a rigid and comprehensive test, should be balanced whenever such an evaluation is undertaken by the trial court. *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir.1992).

### b.    SALITA PROMOTIONS IS LIKELY TO SUCCEED ON THE MERITS

Salita Promotions is highly likely to succeed on the merits of its Complaint.

#### 1.    *Ergashev breached the Agreement.*

To prevail on a breach of contract claim, a party must establish "that (1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach." *Bank of America, NA v. Fidelity National Title Insurance Co.*, 316 Mich. App. 480, 489; 892 N.W.2d 467 (2106). Here, there is no dispute that Salita Promotions and Ergashev are parties to a contract (i.e., the Agreement).  As discussed above and in Salita Promotions' *Verified Complaint*, Ergashev breached the Agreement when he agreed to participate in the Bout on September 21, 2020 - which was not arranged or consented to by Salita Promotions.  Ergashev further breached the Agreement when he authorized and encouraged his Manager, Bogdanov to communicate with boxing promoters other than Salita Promotions in order to arrange bouts for Ergashev outside of the Agreement.  Moreover, Ergashev breached his obligation

9

to act in good faith by, *inter alia*, agreeing and intending to participate in a Bout that was not arranged or consented to by Salita Promotions and by authorizing and encouraging Bogdanov to communicate with boxing promoters other than Salita Promotions in order to arrange bouts for him outside of the Agreement.  In addition to the irreparable damage that Salita Promotions has suffered and will continue to suffer as a result of Ergashev's breach of contract, Salita Promotions will suffer financial damages as it will not participate in the revenue generated by Ergashev's participation in the September 21st Bout.

### 2. *Bogdanov Tortuously Interfered with the Agreement and Salita Promotions' Business Expectancy.*

In Michigan, tortious interference with a contract or contractual relations is a cause of action distinct from tortious interference with a business relationship or expectancy. *Badiee v. Brighton Area Schools*, 265 Mich. App. 343, 365-367; 695 N.W.2d 521 (2005). The elements of tortious interference with a contract are (1) the existence of a contract; (2) a breach of the contract; and (3) an unjustified instigation of the breach by the other party. *Id*. at 366-367.  The elements of tortious interference with a business relationship or expectancy are (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional and improper interference by the interferer inducing or causing a breach or termination

10

of the relationship or expectancy; and (4) resulting damage to the party whose relationship or expectancy was disrupted. *Id*. at 365-366.

As discussed above and in Salita Promotions' *Verified Complaint*, Bogdanov has, and at all relevant times had, knowledge of the existence of the Agreement. Indeed, Bogdanov negotiated the Agreement on behalf of Ergashev. The Agreement remains in full force and effect and Bogdanov is fully aware of that fact. Likewise, Bogdanov is aware of Salita Promotions' ongoing relationship with Ergashev and Salita Promotions' efforts to schedule upcoming bouts. Bogdanov has in fact participated in multiple events promoted by Salita Promotions for Ergashev. Despite this knowledge, Bogdanov engaged in deliberate and intentional acts to instigate Ergashev's breach of the Agreement when he arranged for Ergashev to participate in the September 21, 2020 Bout in St. Petersburg with another boxer that he also manages.

### c. SALITA PROMOTIONS WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF A TEMPORARY RESTRAINING ORDER

It is well-settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir.1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511–512. The Sixth Circuit has held that possible risk of reputation is sufficient to

establish irreparable and immediate harm. *See e.g.*, *North Atlantic Operating Company v. Babenko*, 2015 WL 13542566 (E.D. Mich. 2015).  Here, Salita Promotions will suffer immediate irreparable harm if the Bout is allowed to proceed.

Other courts have found irreparable harm in the exact same context.  For example, in *Marchio v. Letterlough*, 237 F.Supp.2d 580 (E.D. Penn. 2003), the district court granted a preliminary injunction against a boxer who breached his exclusive promotional agreement with the plaintiff promotor by agreeing to box in matches arranged by other promoters.  In granting the preliminary injunction, the court found that the boxing promoter would suffer irreparable injury to his reputation as a boxing promoter as a result of the defendant's threatened breach of his contract. *Id.* at 589.   The court reasoned that the "evidence demonstrates that [defendant] has risen to become a nationally ranked and reputable professional fighter. [Plaintiff] contracted for the right to be [defendant's] exclusive promoter and has at all times fulfilled his contractual obligations to [defendant]. [Plaintiff] has a protected legal interest in promoting a particular boxer, [defendant] —not just any boxer, but, specifically, this unique fighter." *Id.*  Further, the plaintiff had acquired a reputation in the closely-knit professional boxing world as defendant's exclusive promoter.  If Defendant were allowed to have future bouts arranged with another promoter, the plaintiff would "suffer irreparable injury to his reputation as

a promoter, and specifically as the promoter for [defendant's] fights." *Id. at* 590. The same holds true here. Salita Promotions has a legal interest in promoting and protecting Ergashev, a unique fighter. Likewise, Salita Promotions will suffer irreparable injury to its reputation as a promoter, and as the promoter for Ergashev, if Ergashev is allowed to have his bouts promoted by others.

Other Courts have likewise granted injunctive relief in the same situation. In *Madison Square Garden Boxing, Inc. v. Shavers,* 434 F.Supp. 449, 452 (S.D.N.Y.1977), the court found that the boxer's (Shavers') talents were unique and extraordinary and enforced a negative covenant barring the boxer from entering into any fight in violation of his promotional agreement with Madison Square Garden, holding that:

> [T]he Garden is, to a measurable extent, irreparably injured as a viable promoter of major boxing matches were Shavers with impunity able to simply disavow a prior agreement with the Garden to take advantage of a later—made more attractive offer. The Garden's credibility could be destroyed in the eyes of boxing managers, as well as various media representatives, such as television producers, or others, who, in reliance, enter into further contracts that in fact may well represent the major source of income from the event being promoted, possibly being the difference between profit and loss for the promoter. In any event, it is beyond question that the balance of hardships is in the Garden's favor.

*Id.* Likewise, In *Arias v. Solis,* 754 F.Supp. 290, 291 (E.D.N.Y.1991), a boxer and his manager had an agreement whereby the boxer promised not to participate in

boxing exhibitions except as approved by the manager. The manager sued the boxer and moved for a preliminary injunction enjoining defendant from participating in a particular upcoming bout which plaintiff had not approved. *Id.* at 291. Applying New York law, the *Arias* court found that "where…the services are unique or extraordinary, an injunction may issue to prevent the employee from furnishing those services to another person for the duration of the contract." *Id.* at 293–94 (*quoting American Broadcasting Cos., Inc. v. Wolf,* 52 N.Y.2d 394, 438 N.Y.S.2d 482, 420 N.E.2d 363, 367 (1981)). Further, the court reasoned that an injunction could issue only if defendant were "an athlete of exceptional talent." *Id.* at 294. Based on uncontroverted evidence presented, the *Arias* court determined that defendant's services were "unique and extraordinary." *Id.* at 292. Finding that irreparable harm could result if the scheduled fight were to occur, the court entered the requested injunction, barring defendant from participating in that bout. *Id.* at 295.  Again, the same holds true here. Ergashev is an athlete of exceptional talent and skill and his services are unique and extraordinary to Salita Promotions. Allowing him to participate in the Bout will cause irreparable injury to Salita Promotions and its credibility and reputation.

When Salita Promotions stages a boxing event, its identity is linked to the bouts that are part of the event, and the television and streaming coverage gives Salita Promotions increased exposure by strategic placement of logos in the ring, at

ringside, and throughout the venue which provides valuable promoter event identification and which builds up Salita Promotions' goodwill, reputation and credibility.  Dmitriy Salita, the principal of Salita Promotions and formerly a very successful professional boxer, is interviewed before, during, and after the bouts, which promotes the identity, goodwill and brand of Salita Promotions.  Salita Promotions does pre-bout advertising, which further promotes the brand, goodwill, reputation and the identity of Salita Promotions. The Bout also interferes with the copyright of Salita Promotions in the Agreement to use the unique name, image and likeness of Ergashev from bouts in advertisements, archival footage, commercials and rebroadcasts of bouts.  All of these benefits are not measurable in money damages and Salita Promotions will be irreparably damaged if Ergashev is allowed to participate in the Bout.

### d. THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER WILL NOT CAUSE HARM TO OTHERS

In the event this Court were to grant to the TRO, Defendants would not suffer any irreparable harm.  At most, Defendants stand to potentially lose money if Ergashev does not participate in the Bout. That is not a harm that is permitted or contemplated under the Agreement and Salita Promotions has offered a more lucrative bout on NBC Sports in the near term.   On the other hand, Salita Promotions will be irreparably harmed in the absence of a TRO.   Further, Ergashev's participation in the Bout places the November 2020 NBC Sports event

that Salita Promotions has planned in serious jeopardy, which will cause additional harm to Salita Promotions both financially and with regard to its reputation.

**e.    THE PUBLIC INTEREST WOULD BE SERVED BY THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER**

The granting of a TRO in this instance will further the public interest. The public has a strong interest in ensuring that parties to contracts carry out their duties and obligations. *See Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Ran,* 67 F.Supp.2d. 764, 781 (E.D.Mich.1999) (finding that the public has an important interest in the enforcement of contracts, explaining that if the court were to refuse to enforce the terms of the contracts entered into by the parties it would be undermining the legitimate business expectations of not only the parties in the case, but of all contracting parties.). Accordingly, the public interest is best served by enforcing the agreed upon exclusivity provision set forth in the Agreement.

**IV.    CONCLUSION**

WHEREFORE, Plaintiff Salita Promotions Corp. respectfully requests that this Honorable Court immediately enjoin (1) Defendant Ergashev from participating in the September 21, 2020 Bout and any other bouts that fall outside the Agreement and from signing any promotional or bout agreements with any other promoters; (2) Defendant Bogdanov from interfering with the Agreement and participating in the September 21, 2020 Bout as a manager or promoter; and (3) grant Salita Promotions

16

J9011\410400\260819103.v1

any additional relief that is just and equitable under the circumstances.  A copy of the

proposed TRO is attached hereto as **Exhibit D**.

Respectfully submitted,

CLARK HILL PLC

By:   /s/ Charles E. Murphy
Charles E. Murphy (P28909)
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI  48009
Tel: (248) 988-5879
cmurphy@clarkhill.com

Jason R. Canvasser (P69814)
500 Woodward Ave., Suite 3500
Detroit, MI 48226
Tel: (313) 965-8300
jcanvasser@clarkhill.com

Attorneys for Plaintiff

Dated: September 16, 2020

J9011\410400\260819103.v1