UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALITA PROMOTIONS CORP.,

      Plaintiff,

v.

SHOHJAHON ERGASHEV and
OLEG BOGDANOV,

      Defendants.

Case No. 20-12547
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
CONTEMPT [54] AND DENYING DEFENDANTS' APPLICATION TO
DISSOLVE THE PRELIMINARY INJUNCTION [46]**

---

This is the latest of many rounds in the legal fight between Salita Promotions and Uzbek boxer Shohjahon Ergashev. In 2017, Ergashev entered into an exclusive promotional agreement with Salita Promotions and the team worked together for years. Then, in 2020, Salita Promotions sued Ergashev for breach of contract and asked the Court to enjoin Ergashev from violating the promotional agreement. The Court did so. But that did not stop Ergashev. He has continued to box in matches that were not promoted by Salita. So Salita Promotions now seeks to hold Ergashev in contempt. At the same time, Ergashev seeks to dissolve the preliminary injunction. Because Ergashev clearly and knowingly violated the Court's order, the motion for contempt is granted. And because Ergashev has not shown change in circumstances, his motion to dissolve the injunction is denied.

## I. Background

The Court has recited the facts of this case in several other opinions so will highlight here only the relevant facts. Ergashev entered into an exclusive promotional agreement with Salita Promotions in 2017. (ECF No. 35-3.) After working together for about three years, the relationship began to fall apart, and in September 2020, Salita sued Ergashev for breach of contract. (ECF No. 1.) The Court first granted a temporary restraining order enjoining Ergashev from participating in a bout in Russia in violation of the exclusive promotional agreement. (ECF No. 8.) Ergashev complied with the TRO and did not participate in that fight.

Although Ergashev posted about this lawsuit and the TRO on his Instagram account (ECF No. 11, PageID.100), he did not appear in the suit and continued to ignore repeated requests from Salita Promotions to discuss and attempt to resolve the matter. (ECF No. 11 PageID.99–100.)

In early November 2020, Ergashev began posting on social media about an upcoming fight against Dzmitry Miliusa set for November 16, 2020 that Salita Promotions did not arrange or approve. (*Id.* at PageID.101–102.) So Salita Promotions filed a motion for a preliminary injunction. (ECF No. 11.) Although the Court and Salita Promotions provided notice of the hearing on the motion to Ergashev via email, and despite that Salita Promotions effectuated personal service of the notice of the motion and hearing on Ergashev at his gym in Moscow, Ergashev failed to appear at the hearing. *See Salita Promotions Corp. v. Ergashev* (*Salita I*), 500 F. Supp. 3d 648, 651–52 (E.D. Mich. 2020).

On November 15, 2020, the Court granted Salita Promotions' motion for a preliminary injunction and enjoined Ergashev from participating in the November 16 fight or otherwise violating the terms of his exclusive promotional agreement. *Id.* at 655–56. Yet Ergashev still participated in the November 16 bout. *See, e.g.*, Scott Shaffer, *Ergashev Gets Win in Violation of Court Order*, Boxing Talk (Nov. 17, 2020), https://perma.cc/8DM8-J35P.

Although Salita Promotions had given Defendants repeated notice of all of the proceedings in the case, Salita Promotions had up to that point been unable to effectuate official service of process since both Ergashev and Bogdanov were living in Russia. So Salita Promotions requested, and the Court granted, alternative service. (ECF Nos. 19, 20.) As ordered, Salita Promotions sent the defendants copies of the translated summons and complaint via email, Whatsapp message, and personal service in Russia. (ECF Nos. 21, 22, 24.) An attorney for both defendants soon filed an appearance (ECF No. 27) and a motion to dismiss (ECF No. 30). Salita Promotions then filed a motion for contempt related to Ergashev's November 2020 fight. (ECF No. 38.)

While both of these motions were pending, Defendants (Ergashev and his manager) filed an ex parte application to dissolve the preliminary injunction on June 11, 2021 because Ergashev intended to fight in a bout in Uzbekistan that same day. (ECF No. 46.) The Court immediately entered an order denying the request for ex parte relief, issuing a briefing schedule for the request, and warning Ergashev that

if he chose to participate in the bout that day, it would be "at his peril." (ECF No. 47, PageID.752.)

Yet, Ergashev did fight. *See, e.g.*, *Shohjahon Ergashev vs. Salimu Jengo*, Tapology (Jun. 11 2021), https://perma.cc/NBN3-UHWW. In light of this additional fight, Salita Promotions filed a revised motion for contempt that includes allegations related to Ergashev's bouts in November 2020 and June 2021. (ECF No. 54.) Defendants' application to dissolve the preliminary injunction and Salita Promotions' motion for contempt are now before the Court.

## II. Motion for Contempt

### A. Legal Standard

The decision whether to hold a party in contempt is "within the sound discretion of the trial court." *Elec. Workers Pension Tr. Fund of Loc. Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). Although the power to punish for contempt should not be used lightly, "this power 'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory.'" *Id.* (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)); *see also Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 799 (6th Cir. 2017) ("[C]ourts must exercise the contempt sanction with caution and use the least possible power adequate to the end proposed.") (internal citation omitted). Civil contempt can be used for "either or both of two purposes; to coerce the defendant into compliance with

the court's order, and to compensate the complainant for losses sustained." *Id.* at 379 (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)).

"A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order of the court.'" *Gascho*, 875 F.3d at 800 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). A party can avoid a contempt order based on impossibility if it can show that "(1) it was unable to comply with the court's order, (2) its inability to comply was not self-induced, and (3) it took 'all reasonable steps' to comply." *Id.* at 802 (quoting *Gary's Elec.*, 340 F.3d at 381–83).

## B. Analysis

Salita Promotions seeks an order of contempt against Defendants based principally on Ergashev's bouts in November 2020 and June 2021 which Ergashev fought without Salita Promotions' participation or consent.

The Court must address two preliminary issues. First, Salita Promotions can only seek a contempt order against Ergashev because the injunction only applies to him. Salita Promotions sought (ECF No. 11) and the Court granted an injunction only against Ergashev, *Salita I*, 500 F. Supp. 3d at 655 (ECF No. 17). Moreover, at this time, Bogdanov is not a party to this suit as he was recently dismissed. *Salita Promotions Corp. v. Ergashev*, No. 20-12547, 2021 WL 3510967, at *9 (E.D. Mich. Aug. 10, 2021) (ECF No. 56). Second, in response to Defendants' assertion that Salita Promotions has not submitted proof it paid the bond, the Court clarifies that Salita Promotions posted bond in the amount of $10,000 in October 2020, which is currently

5

being held by the Court. Thus, Salita Promotions is not required to file a notice of compliance.

Turning to the merits of the contempt motion, the first question is whether Salita Promotions has presented clear and convincing evidence that Ergashev knowingly violated a definite and specific order of the Court.

There is no question that the Court's preliminary injunction was definite and specific. The Court's order enjoined Ergashev from "participating in the November 16, 2020 bout at the Vegas City Hall in Moscow" and further enjoined him from "directly or indirectly . . . violating the terms of the Promotional Agreement." *Salita I*, 500 F. Supp. 3d at 656. In case there was any confusion, the Court continued, "Ergashev is thus restrained from participating in any bouts that fall outside the Promotional Agreement or signing any bout agreements without the written consent of Plaintiff Salita Promotions, Inc., or from signing any promotional agreements with other promoters." *Id.*

But the question of whether Ergashev knew about the preliminary injunction is more complicated. Ergashev swears under oath that, prior to the November 16, 2020 fight, he did not know about the injunction. (ECF No. 43, PageID.645.) In his declaration, Ergashev avers that "he did not become aware of the Preliminary Injunction until several days after the bout." (ECF No. 43, PageID.643.)

The Court is skeptical of the truth of this statement. As the Court detailed in its prior opinion, Ergashev was at least aware of the lawsuit generally since he posted about the suit and the Court's TRO on his Instagram account in September 2020.

6

*Salita I*, 500 F.Supp.3d at 652. And Salita Promotions (as well as the Court) used every means available—email, voicemail, Whatsapp messages, and personal service in Russia—to notify Ergashev of the preliminary-injunction motion and hearing. *Id.* Additionally, Salita's counsel communicated with Ergashev's lawyer in London, who acknowledged the suit and the hearing, but declined to appear on Ergashev's behalf. *Id.* After the Court entered its preliminary injunction order, Salita Promotions "immediately emailed Defendants with notice of the preliminary injunction order for two consecutive days leading up to the November 16, 2020 bout." (ECF No. 54, PageID.923; ECF No. 54-2.) So perhaps Ergashev's claim that he "was not aware that the Court . . . had issued a Preliminary Injunction" before the November 2020 bout (ECF No. 43, PageID.643) is the product of willful blindness.

Regardless, the Court need not resolve this issue because there is clear and convincing evidence that Ergashev otherwise knowingly violated the Court's order when he fought in June 2021. Indeed, Ergashev does not even attempt to argue that he was unaware of the preliminary injunction prior to his June 2021 bout.

Instead, Ergashev argues that he should not be held in contempt because "the government of Uzbekistan compelled him to participate." (ECF No. 58, PageID.1020.) In support of this far-reaching assertion, Ergashev cites out-of-circuit caselaw and the Restatement of the Foreign Relations Law of the United States for the proposition that a Court cannot prohibit a party from doing an action in another state that is required by the law of that state. (ECF No. 58, PageID.1021 (citing *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1392 (9th Cir. 1995); Restatement (Third) of the Foreign

Relations Law of the United States § 441(1)(a) (1987)).) But Ergashev admits that no Uzbek law required him to participate in the bout. Instead, he argues, with no support whatsoever, that an invitation to fight from the Uzbekistan Boxing Federation carries the force of law. (ECF No. 58, PageID.1021.) That argument strains credulity. So Ergashev has provided no credible evidence that he "was unable to comply with the court's order," the first requirement to establish an impossibility defense. *Gascho*, 875 F.3d at 802.

But even if Ergashev felt compelled, by Uzbek law or otherwise, to participate in the June 2021 bout, the Court's preliminary injunction did not prevent him from doing so. As detailed above, the Court's order simply enjoined Ergashev from violating his promotional agreement by participating in bouts without Salita Promotions' permission. So it seems that Ergashev could have honored the promotional agreement, and thus complied with this Court's injunction, by allowing Salita to promote the fight or, if for some reason that was not possible, enabling Salita to be involved in some capacity.  At the very least, Salita should have been allowed to take a cut of the purse from the June 2021 bout per the terms of the agreement. Salita Promotions has stated numerous times it did not want to stop Ergashev from boxing; it simply wanted him to honor his legally binding agreement to allow Salita Promotions to promote those bouts. In fact, since this suit was filed, Salita Promotions has offered Ergashev multiple bout opportunities, including broadcasts on NBC Sports and Showtime, which Ergashev declined or ignored. (ECF No. 50, PageID.862.) And Salita Promotions has tried on multiple occasions to negotiate a

mutually agreeable resolution to this case with Ergashev. Instead of working with Salita Promotions to come to an agreement for the June 2021 bout, Ergashev has repeatedly ignored communications from Salita Promotions and has openly and publicly repudiated his relationship with the company in his Instagram posts. But that does not terminate his contractual obligations to Salita. Adding salt to the wound, Ergashev promoted the June bout under the name "Shohjahon Promotions" and used Salita Promotions' promotional footage without its consent. (ECF No. 54, PageID.925.) So it is clear that Ergashev cannot avoid contempt based on impossibility because he did not take "all reasonable steps to comply" with the Court's order. *Gascho*, 875 F.3d at 802 (internal citation omitted).

Ergashev has acted in blatant disregard of this Court's preliminary injunction and has made no effort to comply with the order. Contempt is "reserved for those who fully understand the meaning of a court order and yet choose to ignore its mandate." *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (cleaned up). This is clearly one of those occasions.

Ergashev attempts to resist this conclusion with two additional arguments. First, he argues that the Court cannot hold him in contempt because Salita Promotions did not adequately specify in their motion the sanction they seek. Salita Promotions asked for the fees and costs for their motion for contempt (a typical sanction) plus any further relief the Court deems appropriate. It is within the Court's discretion to determine the appropriate relief and Salita Promotions is not required to specify the sanction requested in their motion. *See* 11A Charles A. Wright & Arthur

9

R. Miller, *Federal Practice and Procedure* § 2960 (3d ed. 2021) ("A federal court's discretion includes the power to frame a sanction to fit the violation."); *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) ("A contempt holding will be overturned only where the district court abused its discretion in issuing a contempt citation."). Second, Ergashev rehashes his arguments for why he thinks the preliminary injunction should be dissolved. The Court will address those arguments below. But simply stated, the preliminary injunction was not dissolved. To the contrary, on June 11, 2021, the Court rejected Ergashev's ex parte request to dissolve the injunction on the day of the fight and warned Ergashev that he "fights at his peril," and yet Ergashev chose to fight. At that time, the preliminary injunction was clearly in place. And there is no question that Ergashev knowingly and willfully violated it. Thus, a finding of contempt is appropriate.

As for the sanction, the Court considers the twin aims of coercing the defendant into compliance with the court's order, and to compensate the complainant for losses sustained. *Gary's Elec. Serv. Co.*, 340 F.3d at 379. The Court finds it appropriate to award Salita Promotions its attorney's fees and costs for the renewed motion for contempt. Salita Promotions shall file a bill of costs with the Court within 14 days of this order. Within 14 days of the Court's order entering the attorney's fee award, Ergashev will remit payment of that award directly to Clark Hill, counsel for Salita Promotions.

Additionally, the Court finds that Salita Promotions is entitled to a compensatory sanction for the June 2021 bout. The promotional agreement states

that Ergashev is required to pay Salita Promotions 25 percent of his purse if another promoter wins the bid to promote Ergashev in a bout. (ECF No. 35-3, PageID.190.) Since Salita Promotions was denied the opportunity to bid for Ergashev's June 11 bout, Ergashev is ordered is pay Salita Promotions 25 percent of his purse for that bout. Ergashev must remit payment to Salita Promotions for the 25 percent within 14 days of the entry of this order and include proof of the amount of the purse or an affidavit under penalty of perjury declaring the amount of purse.

### III. Application to Dissolve the Preliminary Injunction

### A. Legal Standard

"The power to modify or dissolve injunctions springs from the court's authority to relieve inequities that arise after the original order. . . . Where significant changes in the law or circumstances threaten to convert a previously proper injunction into an instrument of wrong, the law recognizes that judicial intervention may be necessary to prevent inequities." *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012) (internal citations and quotation marks omitted). "To obtain modification or dissolution of an injunction, a movant must demonstrate significant changes in fact, law, or circumstance since the previous ruling." *Id.* (internal citation omitted). A modification may be appropriate "when the original purposes of the injunction are not being fulfilled in any material respect." *LFP IP, LLC v. Hustler Cincinnati, Inc.*, 810 F.3d 424, 426 (6th Cir. 2016) (internal citation omitted). But "[t]hat does not mean that the parties may duel and re-duel over the merits of the original injunction." *Id.*

11

## B. Analysis

To justify the dissolution of the preliminary injunction, Ergashev must demonstrate a significant change of circumstances. This motion is not a chance for Ergashev to rehash the factors (likelihood of success, irreparable harm, etc.) that the Court analyzed when considering whether to grant the injunction in the first place. Ergashev could have raised those arguments in a response to the original motion, at the motion hearing, or in a timely-filed motion for reconsideration. But Ergashev chose not to step into the ring at that time.

Ergashev suggests there has been a change in circumstances because the preliminary injunction has prevented him from working. That is simply not true. As discussed above, the injunction prohibits Ergashev from violating his promotional agreement; it does not prohibit him from boxing if he does so with the participation or permission of Salita Promotions. Moreover, Salita Promotions has offered Ergashev multiple fight opportunities in the last year, which he has ignored or declined. Ergashev does not offer any other evidence of changed circumstances.

Finally, Ergashev argues that the Court's preliminary injunction places him in an "impossible legal position." (ECF No. 46, PageID.740.) But Ergashev ignores the obvious solution—he can continue boxing if he simply honors the legally-binding promotional agreement he signed and allow Salita to promote him and his bouts during the duration of the agreement. Or he can negotiate with Salita to find mutually agreeable grounds to terminate the contract.

12

Ergashev's violation of this Court's preliminary injunction and his continued public repudiation of his promotional agreement with Salita Promotions shows that the preliminary injunction is still necessary. Ergashev's request to dissolve the preliminary injunction is thus denied.

### IV. Conclusion and Order

For the reasons explained above, Salita Promotions' motion for contempt (ECF No. 54) is GRANTED against Defendant Ergashev. Ergashev's application to dissolve the preliminary injunction (ECF No. 46) is DENIED.

For his contempt of court, the Court imposes the following sanctions against Ergashev:

- attorney's fees and costs for the revised motion for contempt (ECF No. 54) to be paid to Clark Hill;

- 25 percent of the purse awarded to Ergashev for his June 11, 2021 bout in Uzbekistan to be paid to Salita Promotions.

The Court orders Salita Promotions to file a bill of fees and costs with the Court within 14 days of this order. Within 14 days of the Court's order entering the attorney's fee award, Ergashev is ordered to remit payment of that award directly to Clark Hill.

Ergashev is further ordered to remit payment to Salita Promotions in the amount equal to 25 percent of his June 11th purse within 14 days of the entry of this order and include proof of the amount of the purse or an affidavit under penalty of perjury declaring the amount of purse.

Ergashev is also put on notice that failure to comply with this Order will likely result in additional sanctions, including the imposition of a daily monetary fine until the Order is fully complied with.

SO ORDERED.

Dated: August 27, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE